2HE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[5] HERIBERTO RODRIGUEZ-ROSA,<br><br>Defendant. | Crim. No. 05-417-05 (ADC) |

**OPINION AND ORDER**

Before the Court are defendant Heriberto Rodríguez-Rosa's ("defendant") various motions to reduce sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF Nos. 2265, 2271, 2275, 2292**. For the reasons below, defendant's motions are **DENIED**

**I. Factual Background**

On April 23, 2007, defendant pleaded guilty to count one of an indictment charging him with conspiracy to distribute various narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. **ECF No. 922.** Specifically, pursuant to the plea agreement, defendant accepted responsibility for conspiring to distribute at least 500 grams but less that 1500 grams (1.5 kg) of cocaine base ("crack cocaine"). *Id.*

On August 30, 2007, the Court sentenced defendant to 216 months of imprisonment. **ECF Nos. 1083, 1096.** In 2009, the Court approved the parties' stipulation for a sentence modification. Defendant's sentence was lowered to 173 months of imprisonment because of new policies adopted by the U.S. Sentencing Commission, the provisions of 18 U.S.C. § 3582(c) and

Amendment 706 of the U.S. Sentencing Guidelines Manual. **ECF Nos. 1650, 1651.** The Court then once again lowered defendant's sentence in 2016 to a term of imprisonment of 139 months after the U.S. Sentencing Commission issued the Amendment 782 adjustments. **ECF Nos. 2062, 2194.**

Defendant now moves for further relief pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391 (2018). **ECF Nos. 2265, 2271, 2275, 2292**. The Court denied those motions in July of 2020. **ECF No. 2339.** An appeal followed. **ECF No. 2343.** On October 15, 2021, the First Circuit Court of Appeals issued a judgment vacating the appealed order and remanding the matter to this Court, in view of the decisions in *Terry v. United States*, 141 S. Ct. 1858 (2021), decided on June 14, 2021; *United States v. Fields*, 13 F.4th 37 (1st Cir. 2021), decided on September 13, 2021; *United States v. Concepción*, 991 F.3d 279 (1st Cir. 2021), decided on March 15, 2021; and *United States v. Smith*, 954 F.3d 446 (1st Cir. 2020), decided on April 8, 2020. **ECF No. 2396.**

**II. Discussion**

In 2010, Congress enacted the Fair Sentencing Act to raise the threshold quantities of crack cocaine required to trigger harsher mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See also Concepción*, 991 F.3d at 283 (stating Congress enacted the Fair Sentencing Act "to ameliorate sentencing disparities between similarly situated defendants convicted of drug-trafficking offenses involving crack cocaine, on the one hand, and powdered cocaine, on the other hand"). As relevant to the above captioned case, the Fair Sentencing Act raised the quantity of crack cocaine needed to trigger mandatory

sentences for violating 21 U.S.C. § 841(a)(1), as set forth in 21 U.S.C. § 841(b)(1)(A). *See Smith*, 954 F.3d at 449-450.

However, the Fair Sentencing Act did not apply retroactively, to defendants sentenced prior to August 2010. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). Thus, Congress enacted the First Step Act in 2018. *See* First Step Act of 2018, Pub. L. 115-391 (2018). Under that statute:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010… were in effect at the time the covered offense was committed.

*Id.* at § 404(b). Thereby, the First Step Act effectively made the Fair Sentencing Act permissibly retroactive by giving courts discretion[1] to resentence defendants convicted of covered offenses and sentenced prior to August 2010.

   A. *Covered Offense*

A covered offense is any "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act … that was committed before August 3, 2010." *Id*. at § 404(a). *See also Smith*, 954 F.3d 446. Per that framework, there is little doubt that defendant's conviction pursuant to 21 U.S.C. § 841(a)(1), penalized as set forth in 21 U.S.C. § 841(b)(1)(A), constitutes a covered offense under the First Step Act. *See Smith*, 954

---

[1] *See id.* ("A court … *may* … impose a reduced sentence …" (emphasis added)). *See also id*. at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense").

F.3d at 449-450. Accordingly, the Court finds that defendant's offense of conviction is a covered offense.

B. *The Court's Discretion*

Having determined that defendant's crime of conviction is a covered offense, it "must place itself at the time of the original sentencing and keep the then-applicable legal landscape intact, save only for the changes specifically authorized by sections 2 and 3 of the Fair Sentencing Act" and "determine whether resentencing of [the] defendant is appropriate under the circumstances of the particular case." *Concepción*, 991 F.3d at 289. In due practice of this exercise, the Court enjoys wide discretion to resentence the defendant or keep the sentence originally imposed. *See* First Sept Act at § 404(b) ("A court … *may* … impose a reduced sentence …" (emphasis added)); *id*. At § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *Concepción*, 991 F.3d at 286 (noting that the "First Step Act vests a district court with wide discretion about whether to reduce a defendant's sentence for a covered offense"). The Court has undertaken the exercise mandated by *Concepción*, 991 F.3d 279, and based on the reasoning set forth has decided against resentencing the defendant.

Per 21 U.S.C. § 841(b)(1)(A), defendant's violation of § 841(a)(1) carries a statutory term of imprisonment of mandatory minimum of 120 months to a possible maximum penalty of life imprisonment.

In 2016 – after defendant had first been sentenced in 2007 and then resentenced favorably in 2009 – defendant's sentence was once again lowered by the Court. His guideline sentencing range was recalculated in the process. **ECF No. 2179.** He was assigned a total offense level of 33 – which set his imprisonment range at 135 to 168 months of imprisonment. *Id.* The two-level adjustment was based on Amendment 782, which lowered sentencing exposure for crack cocaine offenses. *Id.* He was subsequently sentenced on the lower end of that range, to 139 months. **ECF No. 2194.** The provisions of the U.S. Sentencing Commission Guidelines Manual applicable to defendant have not changed since 2015. *See* §§ 2D1.1, 3B1.1, 3E1.1, 5 Pt. A.

The Court sees no reason to disturb the 139-month amended sentence imposed in 2016, which falls on both the lower ends of defendant's current sentencing statutory range (as made retroactive by the First Step Act) and his guidelines sentencing range. Thus, the Court in its discretion declines to resentence defendant.

### III. Conclusion

Based on the above, and in compliance with the mandate of the First Circuit Court of Appeals, **ECF No. 2402**, defendant's First Step Act motions, **ECF Nos. 2265, 2271, 2275, 2292**, are **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 10th day of February 2022.

                                                      **S/AIDA M. DELGADO-COLÓN**
                                                        **United States District Judge**